# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **GERALD STONE,**          Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** <br><br> and <br><br> **U.S. DEPARTMENT OF JUSTICE,** <br><br>          Defendants. |

Case No. 1:13-cv-01780 (CRC)

## MEMORANDUM OPINION AND ORDER

In this Freedom of Information Act (FOIA) action, Plaintiff Gerald Stone seeks records related to his 2005 criminal fraud conviction. Before the Court are Defendants U.S. Department of Housing and Urban Development (HUD) and U.S. Department of Justice's Motion for Summary Judgment and Stone's Cross-Motion for Summary Judgment. Upon consideration of the motions, and the oppositions and reply thereto, the Court will grant the agencies' motion and deny Stone's.

**I.   Background**

Gerald Stone and his wife, Barbara Hildenbrand, fraudulently profited from a HUD program under which the agency sells homes at a discount to nonprofit organizations so the organizations can re-sell them at below market prices to low- and moderate-income families and individuals. United States v. Hildenbrand, 527 F.3d 466, 470–71 (5th Cir. 2008). Hildenbrand, serving as president of a nonprofit organization called Community Housing Fund, purchased several of these properties and hired Stone, working as a contractor, to rehabilitate them. Id. Hildenbrand and Stone pleaded guilty to conspiracy and tax evasion for falsely claiming that payments made by Community Housing Fund to Stone's contracting business were related to repair costs for the

homes when the couple actually diverted the money for their personal use. Id. at 471–73. The Fifth Circuit affirmed their convictions and dismissed appeals of their sentences, id. at 479, but Stone and Hildenbrand have continued to pursue a number of related actions in an effort to escape the consequences of their convictions and sentences. Defs.' Mot. for Summ. J. at 2 n.1.[1]

In this case, Stone challenges the sufficiency of the agencies' responses to a number of his FOIA requests for records about the events and HUD programs associated with his conviction. Compl. 26–27. Both Departments contend they have conducted reasonable searches but have not found responsive records. Defs.' Mot. for Summ. J. at 38, 41–44. Both also provide affidavits from personnel involved with FOIA processing supporting these contentions. Decl. of Deena Jih; Decl. of Kathleen Brandon; Decl. of Cynthia Nichols.

**II.     Standard of Review**

"It is typically appropriate to resolve FOIA cases on summary judgment." Shapiro v. Dep't of Justice, 969 F. Supp. 2d 18, 26 (D.D.C. 2013), appeal dismissed, 13-5345, 2014 WL 1378748 (D.C. Cir. Feb. 26, 2014) (citing Brayton v. Office of the U.S. Trade Rep., 641 F.3d 521, 527 (D.C. Cir. 2011)). The Court should grant summary judgment where the pleadings, stipulations, affidavits, and admissions in a case show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"In the FOIA context, the government must demonstrate the absence of a genuine dispute regarding the adequacy of its search for or production of responsive records." Judicial Watch, Inc. v. Dep't of the Navy, 971 F. Supp. 2d 1 (D.D.C. 2013) (citing Nat'l Whistleblower Ctr. v. Dep't of Health & Human Servs., 849 F.Supp.2d 13, 21–22 (D.D.C. 2012)). "The agency must 'show that it

---

[1] The Court is simultaneously issuing an opinion in one such case, Stone v. Castro, 1:14-cv-00656 (CRC), granting the Secretary of Housing and Urban Development's motion to dismiss a suit by Stone to vacate his sentence.

made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" Negley v. FBI, 658 F. Supp. 2d 50, 57 (D.D.C. 2009) (quoting Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990)). "Summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." Consumer Fed'n of Am. v. Dep't of Agric., 455 F.3d 283, 287 (D.C. Cir. 2006). Courts should afford an agency affidavit "substantial weight[] so long as it . . . is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith[.]" Judicial Watch v. Dep't of Defense, 715 F.3d 937, 940–41 (D.C. Cir. 2013) (quotation omitted). Government affidavits "cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" Safecard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)).

**III.    Analysis**

Stone has not disputed the agencies' defense of the adequacy of their searches or the accuracy of their affidavits. Pl.'s Cross-Mot. for Summ. J. In fact, he has not filed a reply to the Government's opposition to his cross-motion at all. Instead, his Cross-Motion for Summary Judgment (which he also filed as his opposition to the agencies' motion) simply lists undisputed facts and requests summary judgment on six "admissions" related to the events and HUD programs underpinning his conviction. Id. at 7–8. The Government correctly notes that these "admissions" are not relevant to the central question presented in this dispute: whether the agencies "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" Negley, 658 F. Supp. 2d at 57 (quoting Oglesby, 920 F.2d 57 at 68; see Defs.' Reply at 2. Thus, because the Government's affidavits "contain

3

reasonable specificity of detail rather than merely conclusory statements" and have not been "called into question by contradictory evidence in the record or by evidence of agency bad faith," the Court will grant summary judgment to the agencies and deny summary judgment to Stone. Consumer Fed'n of Am., 455 F.3d at 287.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment is GRANTED. It is further

**ORDERED** that Plaintiff's Cross-Motion for Summary Judgment is DENIED.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date: November 3, 2014